**Affirmed and Memorandum Opinion filed August 23, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00481-CR

**MARK ANTHONY GASAWAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 16-CR-1519**

## MEMORANDUM OPINION

In this appeal from a conviction for possession of a controlled substance, we consider the following two issues: (1) whether the trial court abused its discretion when it denied a motion to suppress, and (2) whether the trial court erred in its submission of the jury charge. As to the first issue, we conclude that the trial court's ruling is supported by the record, and as to the second issue, we conclude that there is no error in the jury charge. Accordingly, we overrule both issues and affirm the trial court's judgment.

## BACKGROUND

This case is about drugs, but it originates from an investigation into an unrelated assault. The complainant in that assault called police to report that she had been physically beaten by her boyfriend. An officer was dispatched to the complainant's apartment, where she was waiting with a small group of people. The complainant informed the officer that her boyfriend had already left, but she indicated that he may be walking around nearby. She described her boyfriend as being African American with a light complexion and tattoos. She also said that when she last saw her boyfriend, he was in red shorts, he was either shirtless or in a red and white striped shirt, and he was carrying a black bag.

The officer left the complainant's apartment to search for the boyfriend, and in less than a minute, he found appellant walking around in the immediate vicinity. Appellant was not the complainant's boyfriend, but he roughly matched the description of the boyfriend. Appellant is African American with a light skin tone and tattoos, and at the time of the encounter, he was wearing red shorts with a white shirt and red lanyard. He was not carrying a black bag.

The officer stopped appellant and asked for his name. Appellant answered truthfully, but the officer continued to detain him. When the officer expressed a desire to conduct a pat-down search for weapons, appellant ran away on foot. The officer gave chase and eventually apprehended appellant, who was found to be in possession of methamphetamine.

## MOTION TO SUPPRESS

Appellant moved to suppress the drugs, arguing in two separate points that the officer lacked reasonable suspicion to stop him. In his first point, appellant argued that the stop was unreasonable because the complainant affirmatively told the officer

2

before he began his search that appellant was not her boyfriend. In his second point, appellant argued that the stop was unreasonable because the complainant's description of her boyfriend was so general that it could encompass any black man in the area. The implication of this second point was that the officer had a duty to obtain a more specific description of the suspect before he began his search.

Both of these points were litigated in a pretrial hearing. As for the first point, there was conflicting evidence. The complainant testified that when the officer first arrived on the scene, he pointed to a suspect in the parking lot and asked the complainant if the suspect was the man who had assaulted her. The complainant said that she recognized the suspect as appellant and she told the officer "no." This exchange occurred shortly before the complainant gave the officer a description of her boyfriend.

The officer controverted the complainant's testimony. He said that when he pointed to the suspect, he was referring to a different person who was not appellant. The officer also added that he did not see appellant until after the complainant provided the description of her boyfriend.

As for the second point, the officer gave the following explanation for why he stopped appellant: "Because he matched the brief description she gave me of him. He was in the immediate area. He had the red shorts. I considered him a lighter tone black gentleman. He was in the parking lot. He had tattoos. So he met the reasonable suspicion."

The trial court denied appellant's motion, and now appellant complains of that ruling in his first issue on appeal.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *See Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). Under

this standard, we give almost total deference to the trial court's determination of historical facts that are supported by the record, especially if the trial court's ruling is based on an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the same level of deference to a trial court's ruling on "application of law to fact questions" or "mixed questions of law and fact" if resolution of those questions also turns on an evaluation of credibility and demeanor. *Id.* For pure questions of law, our review is de novo. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).

Even though appellant based his motion to suppress on two separate points in the trial court, he limits his argument on appeal to just the second of those points. He contends that the officer had a duty to ask the complainant for a more detailed description of her boyfriend, such as his height, weight, hair color, age, and facial hair. Appellant continues: "If an officer, through neglect or design fails, in his or her duty to question a witness of the salient descriptive features of a potential suspect, if reasonably available to the officer, then the stop of a potential suspect is not reasonable, and a later mistake . . . of the identity of the individual stopped is also not reasonable."

Appellant cites to no authority for these propositions, and they are contrary to established law.

An officer can detain a person without a warrant for investigatory purposes if the officer has a reasonable suspicion of criminal activity. *See State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). Reasonable suspicion exists when the officer has specific and articulable facts that the person is, has been, or will soon be engaged in criminal activity. *See Ramirez-Tamayo v. State*, 537 S.W.3d 29, 36 (Tex. Crim. App. 2017). A determination of reasonable suspicion is made by considering the totality of the circumstances. *See Ford v. State*, 158 S.W.3d 488, 492–93 (Tex.

4

Crim. App. 2005). This standard turns on objective proof of what the officer actually knew at the time of the detention—in other words, what the officer saw and what he was told—not, as appellant suggests, what the officer "could have or should have known." *See State v. Duran*, 396 S.W.3d 563, 572 (Tex. Crim. App. 2013).

Viewed in the light most favorable to the trial court's decision, the evidence supports a finding that the officer had specific and articulable facts that appellant was the complainant's boyfriend and that he had just committed an assault. The officer was told by the complainant that her boyfriend was African American with light-colored skin and tattoos. There was testimony that appellant matched that description. The officer was also told by the complainant that her boyfriend was wearing red shorts and that he was walking around nearby. There was testimony that appellant matched that description too. Indeed, the officer encountered appellant almost immediately after he left the complainant's apartment. Based on all of these matches, the officer could have reasonably suspected that appellant was the complainant's boyfriend, and therefore, the officer had reasonable suspicion to detain him. *See Thomas v. State*, 297 S.W.3d 458, 461–62 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (holding that the detention was reasonable because the defendant matched the witness's general description of being a black or Hispanic male in bright red shoes).

To be sure, appellant did not completely match the complainant's description of her boyfriend: appellant was not shirtless or wearing a striped shirt, he was not carrying a black bag, and he identified himself by his own true name. However, these variances are not dispositive. An officer can draw on his own experience and specialized training when conducting an investigation, which may include knowledge that a suspect may try to change his appearance or his name in an effort to evade identification. *See id.* at 462 (the witness reported the suspect as wearing

dark clothing, but the defendant was stopped while wearing a white shirt, and the detention was still upheld as reasonable because the officer could have reasonably determined that the defendant removed his jacket to avoid detection). An officer can also conclude that a witness's description is inaccurate, and here, the officer may have reasonably determined that the complainant had confused a red and white striped shirt (which her boyfriend may have been wearing) with a white shirt and a red lanyard (which is what appellant was actually wearing). *Cf. Louis v. State*, 825 S.W.2d 752, 755 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (holding that a stop of a light tan car was reasonable even though the witness reported the suspect car as being white because "a white car could easily be confused with a light tan car").

Looking at the totality of the circumstances, and what the officer actually knew at the time of the detention, we conclude that appellant's detention was reasonable. The reasonableness of this detention is not vitiated by the officer's ultimate mistake about appellant's identity. *See Robinson v. State*, 377 S.W.3d 712, 720–21 (Tex. Crim. App. 2012) ("A mistake about the facts, *if* reasonable, will not vitiate an officer's actions in hindsight so long as his actions were lawful under the facts as he reasonably, albeit mistakenly, perceived them to be."). Nor is it vitiated by the officer's failure before the search to obtain more specific details about the complainant's boyfriend, such as his height or weight. *See Thomas*, 297 S.W.3d at 461 (upholding a detention where the witness generally described the suspect as being a black or Hispanic male with red shoes, even though the witness did not provide "any height, weight, or other distinguishing factors"). Because the detention was reasonable, the trial court did not abuse its discretion by denying the motion to suppress. We overrule appellant's first issue.

6

# THE JURY CHARGE

Appellant's second issue on appeal relates back to the first point he raised in his motion to suppress, which was whether the complainant had affirmatively eliminated him as a suspect before the officer began his search.

This point was re-litigated during the trial on the merits. The jury heard the complainant testify that when the officer first arrived on the scene, he pointed to a man in the parking lot and asked whether that man was the person who had assaulted her. The complainant testified that the officer was pointing at appellant, and that she answered the officer with a "no." Controverting this testimony, the officer testified that he had been pointing at a person who was standing next to the complainant. The officer added that he did not even notice appellant until after he met with the complainant and obtained a description of her boyfriend.

During the charge conference, appellant cited this conflict in the evidence and then requested the following instruction under Article 38.23, which is the Texas exclusionary rule:

> You are further instructed that under the laws of the State of Texas, no evidence obtained by an officer in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. Therefore, if you believe, or if you have a reasonable doubt that as to whether or not [the complainant] told [the officer] that the defendant, Mark Gasaway, was not the person who assaulted her prior to [the officer] stopping the defendant, then, you, the jury, shall disregard any such evidence obtained, namely the controlled substance recovered by [the officer] and not consider it for any reason.

The trial court rejected this instruction and gave the following instruction instead:

7

You are instructed that no evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

You are further instructed that our law permits the stop and detention of a person by a peace officer without a warrant when the officer has reasonable suspicion to believe that the person is involved in criminal activity.

By the term "reasonable suspicion," as used herein, is meant specific articulable facts which, when taken together with rational inferences from those facts, would warrant a man of reasonable caution to believe that an offense has been or is being committed.

Therefore, bearing in mind these instructions, if you find from the evidence that, on the occasion in question, [the officer] did not have reasonable suspicion to believe that the Defendant was involved in an Assault Causing Bodily Injury—Family Violence against [the complainant] immediately prior to the stop, or if you have a reasonable doubt thereof, you will disregard any and all evidence obtained as a result of the Defendant's detention by the officer and you will not consider such evidence for any purpose whatsoever.

However, if you find from the evidence that, on the occasion in question, [the officer] did have reasonable suspicion to believe that the Defendant was involved in an Assault Causing Bodily Injury—Family Violence against [the complainant] immediately prior to the stop, then you may consider the evidence obtained by the officer as a result of the detention.

Appellant contends that the trial court erred by denying his requested instruction, but his legal argument is not fully constructed. The only point that he makes in his brief is that his requested instruction should have been granted because he satisfied the requirements for an instruction under Article 38.23.

We agree with appellant on that basic premise. He did satisfy the requirements under Article 38.23. *See Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012 ("To be entitled to an Article 38.23 jury instruction, three predicates must be

met: (1) the evidence heard by the jury must raise an issue of fact, (2) the evidence on that fact must be affirmatively contested, and (3) the contested factual issue must be material to the lawfulness of the challenged conduct.").

We would even say that appellant's requested instruction was better than the instruction given by the trial court because his requested instruction more specifically directed the jury to the historical fact in dispute. *See Madden v. State*, 242 S.W.3d 504, 508 n.7 (Tex. Crim. App. 2007) (approving an "admirable" instruction because it "specifically directs the jury's attention to the one historical fact . . . in dispute and tells the jury to decide this fact"). Appellant's instruction pointedly asked "whether or not [the complainant] told [the officer] that the defendant, Mark Gasaway, was not the person who assaulted her prior to [the officer] stopping the defendant," whereas the trial court's instruction more broadly asked whether the officer had "reasonable suspicion to believe that the Defendant was involved in an Assault Causing Bodily Injury—Family Violence against [the complainant] immediately prior to the stop."

But appellant makes no argument that the trial court's instruction was somehow deficient. In fact, his brief contains no mention of the trial court's instruction at all. Parts of his brief even give the impression that the trial court provided no instruction under Article 38.23 whatsoever.

During closing arguments, defense counsel could have emphasized the evidence that the complainant told the officer before the detention that appellant was not the person who had assaulted her. That evidence, if believed, would have supported a finding that the officer did not have "reasonable suspicion to believe that the Defendant was involved in an Assault Causing Bodily Injury—Family Violence against [the complainant] immediately prior to the stop," which, under the trial

9

court's instruction, would have required the jury to disregard the evidence obtained as a result of the detention.

But defense counsel did not make that argument. He argued instead that the officer's detention was unlawful because it was the product of racial profiling. He made no mention during closing statements that the complainant had affirmatively eliminated appellant as a suspect before the officer began his search.

Even though we agree with appellant that his requested instruction was legally correct, we conclude that appellant has not established any error in the charge as given. We therefore overrule his second issue.

## CONCLUSION

The trial court's judgment is affirmed.


/s/    Tracy Christopher
Justice


Panel consists of Chief Justice Frost and Justices Christopher and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).